1
2
3
4
5

6              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
7                        AT SEATTLE

8  CHARLES L. BOBO,

9                    Plaintiff,                Case No. C13-753-RSM

10      v.                                     **REPORT AND RECOMMENDATION**

11 TULARE COUNTY DISTRICT ATTORNEY, et al.,

12
                     Defendants.

13
       Plaintiff submitted a proposed civil complaint and application to proceed in forma
14
pauperis ("IFP"). Dkt. 1. Plaintiff filed a nearly identical complaint in 2012 which was
15
dismissed. *See* C12-1805-RSL. The Court recommends **DISMISSING** the proposed complaint
16
with prejudice and **STRIKING** the IFP application as moot.
17
                                    **DISCUSSION**
18
       The proposed complaint alleges:
19
           Tulare District Attorney and Kings County took 50% income for
20         child support.

21         you have Kings County District Attorney and Tulare District
           Attorney about 150.00 wk total state of Calif 50% payroll. Copy 2
22         Employees's state city local income tax return 1996. Employment
           Development Department Unemployment Compensation 1996-97.
23

Dkt. 1-1. As relief, plaintiff requests "3,000,000 million dollars for damages over years filed

REPORT AND RECOMMENDATION - 1

bankruptcy chapter 7 and lost my condo and renting sport car could make payment." *Id.*

The proposed complaint should be dismissed with prejudice for the following reasons. First, it is nearly identical to the complaint plaintiff filed in C12-1805-RSL and which the Court dismissed in 2012. Plaintiff cannot repetitively file the same action.

Second, the proposed complaint fails to allege sufficient facts to place any defendant on notice of the nature of plaintiff's claims. The complaint's conclusory allegations against defendants are insufficient because there are no specific, plausible facts to support the allegations. *Ascroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009).

Third, plaintiff's action appears to involve a family law claim. This Court does not have jurisdiction over family law claims. *See Ex parte Burrus*, 136 U.S. 586, 593-94 (1890) ("[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *see, also, Elk Grove United School District v. Newdow*, 542 U.S. 1, 13 (2004) ("While rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts."). The complaint should thus be dismissed for lack of jurisdiction.

## CONCLUSION

Under 28 U.S.C. § 1915(e), the district court must dismiss a case "at any time" it determines a complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Plaintiff's proposed complaint is essentially the same complaint he filed in 2012 which was dismissed. It suffers from all of the same deficiencies noted in the earlier complaint. Accordingly the Court recommends

1  **DISMISSING** with prejudice plaintiff's proposed complaint (Dkt. 1) and **STRIKING** plaintiff's
2  application to proceed in forma pauperis.
3    Any objections to this Recommendation must be filed no later than **May 14, 2013**.  The
4  matter should be noted as ready for the Court's consideration on **May 17, 2013**.  Objections shall
5  not exceed ten (10) pages.  The failure to timely object may affect the right to appeal.
6    DATED this 30th day of April, 2013.

   _____
   BRIAN A. TSUCHIDA
   United States Magistrate Judge

REPORT AND RECOMMENDATION - 3